# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| NOBILITY SETTLEMENT FUNDING, LLC<br>400 Fairway Dr., Suite 107<br>Deerfield Beach, Florida 33441<br><br>and<br><br>Samiyah Yellardy by her<br>Parent and Natural Guardian Akeyia Pernell<br>2215 Afton Ave. Apt. B<br>Richmond, Virginia 23224<br><br>       Plaintiffs,<br>vs.<br><br>NEW YORK LIFE INSURANCE<br>& ANNUITY CORPORATION<br>51 Madison Ave<br>New York, New York 10010-0000<br><br><u>Service Upon</u>:<br>Resident Agent<br>CT Corporation System<br>4701 Cox Road, Ste. 285<br>Glen Allen, Virginia 23060<br><br>and<br><br>NEW YORK LIFE INSURANCE COMPANY<br>51 Madison Ave<br>New York, New York 10010-0000<br><br><u>Service Upon</u>:<br>Resident Agent<br>CT Corporation System<br>4701 Cox Road, Ste. 285<br>Glen Allen, Virginia 23060<br><br>and | Civil No.   3:21cv325 |

| | |
|---|---|
| PACIFIC LIFE AND ANNUITY SERVICES, INC.<br>700 Newport Center Drive<br>Newport Beach, California 92660<br><br>Service Upon:<br>c/o Jenifer Smith, Esq.<br>Cozen O'Connor<br>One Liberty Place<br>1650 Market Street, Suite 2800<br>Philadelphia, Pennsylvania 19103<br><br>and<br><br>PACIFIC LIFE INSURANCE COMPANY<br>700 Newport Center Drive<br>Newport Beach, California 92660<br><br>Service Upon:<br>Resident Agent<br>Corporation Service Company<br>100 Shockoe Slip Fl 2<br>Richmond, Virginia 23219<br><br>      Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes Now the Plaintiff, Nobility Settlement Funding, LLC, by and through the undersigned counsel, Elyse L. Strickland and McMillan Metro, P.C. and the Plaintiff Samiyah Yellardy by her Parent and Natural Guardian Akeyia Pernell, *pro se*, and as and for their Complaint for Declaratory Judgment against the Defendants, state as follows:

1. This is an action for declaratory judgment pursuant to 28 U.S.C.A § 2201, for the purpose of determining a question of actual controversy between the parties as more fully appears in this complaint.

2. The Plaintiff, Nobility Settlement Funding, LLC ("Nobility") is a Florida limited liability company with a principal place of business located at 400 Fairway Dr., Suite 107, Deerfield Beach,

Florida. Nobility is a financial services company that buys the right to receive structured settlement payments due as a result of personal injury claims and resolved by way of a structured settlement agreement or court order.

3. The Plaintiff, Samiyah Yellardy by her, Parent and Natural Guardian Akeyia Pernell is a resident of Richmond, Virginia. Samiyah Yellardy (hereinafter "Payee") is the recipient of certain structured settlement payments as a result of a settlement which was incorporated into a Court Order issued by this Court in the case styled: Diana M. Worsley, Administratrix of the Estate of Samah Yellardy V. Warden Jeffrey N. Dillman, et al., Civil Action No. 3:15-cv-00664 (JAG). A copy of the Order Approving Settlement is attached hereto as **Exhibit "A"** ("Order Approving Settlement" or "Settlement").

4. Upon information and belief, New York Life Insurance Company is a New York non-stock corporation qualified to transact business in the Commonwealth of Virginia.

5. Upon information and belief, New York Life Insurance and Annuity Corporation is a Delaware corporation qualified to transact business in the Commonwealth of Virginia.

6. Upon information and belief, Pacific Life Insurance Company is a Nebraska corporation qualified to transact business in the Commonwealth of Virginia.

7. Upon information and belief, Pacific Life and Annuity Services, Inc. was an Arizona corporation and is currently not in good standing.

8. Upon information and belief, New York Life Insurance & Annuity Corporation (hereinafter "NYL Structured Settlement Obligor") assumed a portion of the liability under the Order Approving Settlement to make the Settlement Payments to Payee.

9. Upon information and belief, in order to fulfill its obligation under the Settlement, the NYL Structured Settlement Obligor purchased an annuity (the "NYL Annuity") from New York Life

Insurance Company (hereinafter "NYL Annuity Issuer") pursuant to which NYL Annuity Issuer agreed to make the Settlement Payments directly to Payee.

10. Upon information and belief, Pacific Life and Annuity Services, Inc. (hereinafter "Pacific Structured Settlement Obligor") assumed a portion of the liability under the Settlement to make the Settlement Payments to Payee.

11. In order to fulfill its obligation under the Settlement, the Pacific Structured Settlement Obligor purchased an annuity (the "Pacific Life Annuity") from Pacific Life Insurance Company (hereinafter "Pacific Annuity Issuer") pursuant to which Pacific Annuity Issuer agreed to make the Settlement Payments directly to Payee.

12. The Payee has executed a Structured Settlement Payment Rights Purchase and Sale Agreement (defined as a "Transfer Agreement" under Va. Code Ann. §59.1-475), in order to sell a portion of the NYL Payments. The NYL Transfer Agreement is appended hereto as **Exhibit "B"**.

13. The Payee has executed a Structured Settlement Payment Rights Purchase and Sale Agreement (defined as a "Pacific Transfer Agreement" under Va. Code Ann. §59.1-475) in order to sell a portion of the Pacific Life Payments. The Pacific Transfer Agreement is appended hereto as **Exhibit "C"**.

14. Nobility has filed an Amended Petition for Court Approval of a transfer of structured settlement payment rights pursuant to 26 U.S.C.A. §5891 and Va. Code Ann. §59.1-475, *et seq* in the Circuit Court for the City of Richmond Virginia, Case No. CL21001331-00 (the "Transfer Petition").

15. Upon information and belief, the Defendants contend that the Plaintiffs in this case may not proceed with the Transfer Petition unless this Court provides express written approval that the

Plaintiff's may so proceed. Upon information and belief, the Defendants further contend that a court order approving the request set forth in the Transfer Petition would not be valid.

16. Plaintiffs would like to proceed with the Transfer Petition.

WHEREFORE, for the foregoing reasons, the Plaintiffs request that this Court issue an order directing that the Plaintiffs may proceed with the Transfer Petition currently pending in the Circuit Court for the City of Richmond, and grant such other and further relief as to this Court shall appear just and proper.

NOBILITY SETTLEMENT
FUNDING, LLC

By Counsel,

Respectfully submitted,

*[signature]*

Elyse L. Strickland, Esquire
McMillan Metro, P.C.
7811 Montrose Road, Suite 400
Potomac, Maryland 20854
(301) 251-1180 (phone)
EStrickland@McMillanMetro.com

DocuSigned by:
*[signature]*
Samiyah Yellardy by her Parent and
Natural Guardian Akeyia Pernell, *pro se*